UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-0012 (RMU) |
| v. | : | |
| | : | **FILED** |
| RENE IBANEZ, JR. | : | |
| | : | MAR 7 – 2006 |
| Defendant. | : | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant Rene Ibanez, Jr. agrees and stipulates as follows:

At the end of June, 2004, Rene Ibanez, using the identity of his mother, Hilda Ibanez, applied for a home equity line of credit ("line of credit") on his mother's home located at 1723 Irving Street, N.W., Washington, D.C. Rene Ibanez submitted an application with Trustworthy Mortgage, a mortgage broker, which is a correspondent broker with Chase Manhattan Mortgage Company. A representative of Trustworthy Mortgage met with Mr. Ibanez, who provided information for the application, including his own cellular telephone number instead of his mother's home telephone number in order to conceal the application from his mother. In order to process the loan, Trustworthy Mortgage required a borrower to sign one form acknowledging the application and authorizing the release of information and a second form approving payment of a fee to Trustworthy Mortgage. Mr. Ibanez gave the Trustworthy Mortgage representatives copies of these forms containing the forged signature of his mother. Mr. Ibanez told Trustworthy Mortgage that his mother was requesting the loan, when in truth, she did not authorize Rene Ibanez to apply for a line of credit for $65,000 with her house as collateral.

Chase Manhattan Mortgage Company approved the line of credit and set a closing date on the loan for July 19, 2004. In order to close on the line of credit, the borrower, that is, Mrs.

Hilda Ibanez, would typically be required to attend settlement. Instead, Rene Ibanez created a fraudulent Power of Attorney, without his mother's knowledge and consent, which purported to authorize him to open the line of credit for $65,000.00 using his mother's home as collateral. Rene Ibanez forged his mother's name on the Power of Attorney and then presented this forged Power of Attorney to a notary public, who agreed to and did notarize Mrs. Hilda Ibanez's signature as genuine, despite the fact that the notary did not witness the signature. Then, in or about July 2004, Rene Ibanez presented the forged and notarized Power of Attorney to a title company in Rockville, Maryland. With the forged Power of Attorney, Rene Ibanez signed his mother's name to the closing documents at a title company ~~in Tyson's Corner, Virginia, on July 19, 2004.~~

Thereafter, Chase Manhattan Mortgage Company funded the line of credit in two ways. First, Chase Manhattan Mortgage Company transferred via a wire approximately $35,000 into Hilda Ibanez's Bank of America checking account. Second, Chase Manhattan Mortgage Company mailed checks, to be used for drawing the remaining money from the line of credit, to Mrs. Hilda Ibanez's home on Irving Street, N.W., Washington, D.C. With respect to the approximate $35,000 wire transfer, Rene Ibanez falsely told his mother that the source of the funds was money from his own retirement fund (401k fund). Accepting that representation, Mrs. Hilda Ibanez gave two checks to her son, Rene Ibanez, who gave the checks to his then-girlfriend. On about July 28, 2004, the girl friend deposited one of these checks (the one worth $16,552) into her credit union checking account in Washington, D.C. (The girl friend returned the second check to Rene Ibanez's sister some time later). On August 10, 2004, Ibanez asked his then-girlfriend to use $9,400 of the line of credit money to purchase a certified check. Two

days later Rene Ibanez spent the $9,400 certified check (which was funded by the money from the line of credit), and purchased a 2000 Jeep Cherokee, which he titled in his own name.

Chase Manhattan Mortgage Company deposited the remainder of the funds from the line of credit into an account at Chase Manhattan Bank. Chase Manhattan Bank, through its check vendor, sent a book of checks to Mrs. Hilda Ibanez to her home address through the U.S. Postal Service; Rene Ibanez collected these checks from the mail delivered to his mother's address. Rene Ibanez forged his mother's name as the authorizing signature on these Chase Manhattan Bank checks.

On July 14, 2005, a Postal Inspector with the U.S. Postal Inspection service interviewed Rene Ibanez at his place of employment in Washington, D.C. Ibanez told the Postal Inspector that in May or June of 2004, he asked his mother if he could apply for a line of credit using her home located at 1723 Irving St N.W., Washington, D.C. as collateral. Ibanez said that his mother initially agreed to a $25,000.00 loan. Ibanez further explained that a few days after he applied for the loan his mother changed her mind and stated she no longer would allow him to take out a home equity line of credit using her home. Ibanez admitted that he decided to continue with the loan process anyway knowing it was wrong, and admitted that it was he who created the Power of Attorney purporting to authorize a loan amount of $65,000.00. Ibanez stated that he forged his mother's name to the document, and asked a notary to notarize the document.

In sum, Rene Ibanez devised a scheme to defraud Chase Manhattan Mortgage Company, a subsidiary of a financial institution, by using his mother's name and home as collateral for a line of credit without his mother's permission. In executing the scheme, Ibanez caused Chase Manhattan Mortgage Company to issue the line of credit, to deposit money into the Chase

Manhattan Bank account and to send the book of line of credit checks through the U.S. Postal Service to an address in the District of Columbia. The misrepresentations were material in that if Trustworthy Mortgage had known that Mrs. Hilda Ibanez had not agreed to the $65,000 loan, it would not have processed the line of credit and Chase Manhattan would not have issued the line of credit. If the title company had known that the Power of Attorney were forged, they would not have approved closing of the line of credit with Rene Ibanez signing his mother's name as power of attorney.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
for the District of Columbia

By: /s/ V. Cheatham

VIRGINIA CHEATHAM
Assistant U.S. Attorney
Bar No. 411980
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9732

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 3/7/06

_____
Rene Ibanez
Defendant

I concur with his decision to stipulate to this Statement of Offense.

Date: 3/7/06

_____
Dani Jahn, Esq.
Attorney for the Defendant