**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Cr. No. 06-012 (RMU)** |
| | : | |
| **RENE IBANEZ, JR.,** | : | |
| | : | |
| **Defendant** | : | |

## SENTENCING MEMORANDUM

Defendant, Rene Ibanez, Jr., , through undersigned counsel, respectfully submits this memorandum in aid of his sentencing.  He will appear before this Honorable Court for sentencing on September 5, 2006.

## BACKGROUND

On January 18, 2006, a two-count indictment and a forfeiture allegation was filed by a federal grand jury charging the Mr. Ibanez with Count One - Bank Fraud and Causing an Act to be Done, in violation of 18 U.S.C. § 1344 and 2; Count Two - Mail Fraud, Causing an Act to be Done, in violation of 18 U.S.C. § 1341 and 2; and Criminal Forfeiture, in violation of 18 U.S.C. § 982(a)(2)(A); 982(b)(1).  Mr. Ibanez pled guilty to Count Two of the indictment and consented to an order of forfeiture pursuant to a written plea agreement on March 7, 2006.  Pursuant to the plea agreement, the government agreed to a two-level reduction for acceptance of responsibility, pursuant to §3E1.1.  Further, Mr. Ibanez has agreed to pay an order of restitution in the amount of $38,687.00 (less the amount of net profit realized from the forfeiture of the Jeep Cherokee).

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 8 to 14 months within Zone

C.  See PSR, ¶ 48, pg. 10.  There are no disputes to this calculation, however, Mr. Ibanez submits

that the factors identified in 18 U.S.C. § 3553(a) support his request that he be sentenced to a

term of probation.

## ARGUMENT

Notwithstanding the agreements stated in the plea agreement, it should be noted,

however, that the Guidelines are not mandatory, but merely advisory.  The factors identified in

18 U.S.C. § 3553(a) support Mr. Ibanez's request that he be sentenced to a term of probation.

The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. §

3553(a).  United States v. Booker, 543 U.S. 220, 260  (2005).  These factors include:  "The

nature and circumstances of the offense and the history and characteristics of the defendant; . . .

the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct; and . . . the need

to provide restitution to any victims of the offense."  18 U.S.C. 3553(a).  Pursuant to 18 U.S.C. §

3661,

> No limitation shall be placed on the information concerning the
> background, character, and conduct of a person convicted of an
> offense which a court of the United States may receive and
> consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a

sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s]

just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s]

the defendant with needed educational or vocational training and medical care."  Id. at 765

(citing 18 U.S.C. § 3553(a)(2)).  Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of
> imprisonment, and, if a term of imprisonment is to be imposed, in
> determining the length of the term, shall consider the factors set
> forth in Section 3553(a) to the extent that they are applicable,
> **recognizing that imprisonment is not an appropriate means of
> promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a

sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth

in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a

sentence of probation would be warranted in this matter, and that a sentence of imprisonment

within the Guideline range would be greater than necessary to meet the sentencing purposes set

forth in § 3553(a)(2).

**I.      Factors of Mr. Ibanez that the Court Should Consider under § 3553(a)(1)**

     *I.      Nature of the Offense*

The crime to which Mr. Ibanez pled guilty to is a very serious offense. His conduct has

not only caused great hardship and pain to himself but has also had a detrimental effect on his

family. As the PreSentence Report states, in June 2004, Mr. Ibanez used his mother's identity to

apply for a home equity line of credit. He did not have permission from his mother to do this and

in fact forged his mother's signature to various documents in obtaining the line of credit. Mr.

Ibanez deeply regrets these actions and it very remorseful for the harm he caused to his mother,

his family, the financial companies involved, and his children.

Upon confrontation by law enforcement in July 2005, Mr. Ibanez was very candid and

cooperative regarding these actions. He immediately admitted his wrongdoing and expressed

deep regret for his actions.  Further, he stated his intentions to repay the financial company involved.

It should be noted that his mother, Hilda Ibanez, completed an ID Theft Affidavit document in January 2005 whereby she indicated that she was not willing to assist in the prosecution of her son nor had she reported these events to any law enforcement agency.  It appears that Ms. Ibanez wanted this matter to stay within the family unit, to have Mr. Ibanez repay the money as he had promised; however, that did not occur and unfortunately Ms. Ibanez passed away on June 12, 2005.  Her death has had a profound affect on Mr. Ibanez and in some way is even more difficult to deal with because Mr. Ibanez was unable to 'right his wrong' before her death as he had wanted.

II.      *Characteristics of the Defendant*

Mr. Ibanez is a 37-year-old man who has been a lifelong resident of the metropolitan D.C. area.  Mr. Ibanez's education and employment history tells an important, but incomplete, story. The fact that Mr. Ibanez has no criminal history speaks volumes with respect to his character. Throughout his life, Mr. Ibanez has tried to do the right thing–obtaining his higher education, playing semi-professional baseball, becoming a parent and having a significant impact on the lives of his children, and maintaining consistent employment.  Even in the instant case, while he made a very significant mistake, Mr. Ibanez admitted having done so, waived his right to file any pre-trial motions, accepted responsibility very early on, and pled guilty in a timely fashion.

Mr. Ibanez is not someone in need of rehabilitation. Everything he has done to further his prospects, employment and education, Mr. Ibanez has done of his own volition and initiative. A sentence of incarceration would serve only to disrupt the rehabilitative efforts Mr. Ibanez has

made and set him back with respect to the real debt he owes to his family and society with regard

to restitution.  Further, Mr. Ibanez is not someone who requires incarceration for purposes of

deterrence.

As evidenced by the attached letter from his sister,[1] Mr. Ibanez's actions in this case have

impacted him in more ways than he could have ever anticipated.  He is a very committed father

to this children and they are a driving force in his life.  Notwithstanding his involvement in the

instant offense, Mr. Ibanez is still very much committed to providing for his family and

rebuilding the family unit that existed prior to his conduct.

*III.  Sentencing Mr. Ibanez to a Sentence of Incarceration would be Unduly Punitive and Would Have a Significant Impact on the Need to Provide Restitution to the Victim*

The Court should consider the sum of restitution in this case, $38,687.00 (less the amount

of net profit realized from the forfeiture of the Jeep Cherokee).  If Mr. Ibanez is given a term of

incarceration he will be unable to provide restitution in a timely fashion - if at all.  The need to

provide restitution to the victim in this case shall be considered by this Court pursuant to § 3553

(a)(7) in determining an appropriate sentence for Mr. Ibanez.

The imposition of a sentence of imprisonment in the instant case would serve no purpose

other than punishment.  A sentence of imprisonment on him would prove more detrimental to his

character than rehabilitative or instructive. Punishment is indeed one of the purposes of

sentencing, but the toll the instant case has taken on his spirits and his family, and the fact that, in

any case, conditions will be imposed and his liberty restricted certainly serve–in Mr. Ibanez's

case–as adequate punishment.

---

[1] Mr. Ibanez's older sister, Lenor Rivera, has submitted a letter on behalf of her brother.

Sentencing Mr. Ibanez to a term of probation is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Ibanez with needed educational or vocational training and medical care" while also allowing Mr. Ibanez to repay the victims in this case for his wrongdoing.  See 18 U.S.C. § 3553(a).

## CONCLUSION

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. Ibanez respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.


_____Respectfully submitted,


__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C.  20004
(202) 208-7500

6